AWERKAMP, BONILLA & GILES, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Ivelisse Bonilla, SBN 023594
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arquimides Rojo,<br><br>        Plaintiff,<br><br>  vs.<br><br>Tucson Unified School District,<br><br>        Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

For his Complaint, Plaintiff, Arquimides Rojo, alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff seeks damages for employment discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the Federal claim in this action pursuant to 28 U.S.C. § 1331 because of the Federal question presented by virtue of the fact that Plaintiff is bringing a claim for a violation of Title VII of the Civil Rights Act of 1964, as amended.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all of the events giving rise to Plaintiff's claims occurred in this District, specifically in Pima County.

4. On June 20, 2019, Plaintiff dual-filed a timely Charge of Discrimination with the Arizona Office of the Attorney General, Civil Rights Division ("ACRD") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging employment discrimination on the basis of national origin.

5. On January 13, 2020 the ACRD issued Mr. Rojo a Notice of Right to Sue and on September 25, 2020 the U.S. Department of Justice, Civil Rights Division, issued Mr. Rojo a Notice of Right to Sue on his Charge filed with the EEOC.

## PARTIES

6. Plaintiff, Arquimides Rojo, is, and at all relevant times has been, a resident of Pima County, Arizona.

7. Mr. Rojo's national origin is Hispanic.

8. Defendant, Tucson Unified School District ("TUSD"), is a public school district that employed Mr. Rojo in Pima County and has more than 15 employees so as to be an "employer" within the meaning of Title VII.

## STATEMENT OF FACTS

9. Mr. Rojo began his employment with TUSD as a Fleet Service Technician in January of 2002.

10. Mr. Rojo met or exceeded the expectations of his supervisors and was considered an excellent employee.

11. Ken Bolle became Mr. Rojo's supervisor in January of 2012.

12. After Mr. Bolle became Mr. Rojo's supervisor, Mr. Rojo's work environment became hostile.

13. Though Mr. Bolle speaks and understands Spanish, he refused to speak to Mr. Rojo in Spanish, instructed other employees not to speak Spanish to Mr. Rojo, and told Mr. Rojo that he was only to speak in English.

14. Other Hispanics at TUSD under the supervision of Mr. Bolle were terminated or forced to resign.

15. On August 9, 2018, Mr. Rojo was terminated for allegedly having more than six points in a rolling twelve-month period on his driver's license.

16. Mr. Rojo never had more than six points in a rolling twelve-month period on his driver's license and his driving privileges were never lost or suspended.

17. Mr. Rojo never drove as a requirement of his position at TUSD, other than moving a vehicle within the TUSD parking lot for service.

18. Mr. Rojo filed a grievance through his Union and a Hearing Officer concluded that Mr. Rojo should be reinstated to his position because the reason provided for his termination was false.

19. TUSD refused to reinstate Mr. Rojo and charged him with another offense.

20. TUSD falsely alleged that in the hearing regarding the August 2018 termination, it discovered Mr. Rojo had a second job at Dunn-Edwards Paints and that his duties at the second job violated the hours of work standards for his Commercial Driver's License.

21. In reality, TUSD knew that Mr. Rojo had a second job at Dunn-Edwards Paints since he started with TUSD in 2002 and Mr. Bolle knew about the second job.

22. Mr. Rojo was then terminated again on December 12, 2018 for allegedly exceeding the hours of driving a commercial vehicle permitted on his Commercial Driver's License.

23. As a Fleet Service Technician, Mr. Rojo did not drive a school bus or any other commercial vehicle for TUSD except to move vehicles in a parking lot for service.

There was no conflict between Mr. Rojo's position at TUSD and his delivery position at Dunn-Edwards Paints.

24. TUSD's purported reason for terminating Mr. Rojo's employment is a pretext. Mr. Rojo was terminated because of his Hispanic national origin and specifically speaking Spanish on the job.

## THIRD CAUSE OF ACTION

### (Discrimination in Violation of Title VII)

25. TUSD terminated Mr. Rojo's employment because of his Hispanic national origin and the fact that he spoke Spanish on the job.

26. TUSD discriminated against Mr. Rojo because of his national origin and language.

27. TUSD's termination of Mr. Rojo's employment because of he spoke Spanish, national origin, is a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

28. As a result of TUSD's discriminatory termination of his employment, Mr. Rojo suffered loss of wages and is entitled to his backpay losses in an amount to be determined at trial pursuant to 42 U.S.C.A. § 2000e-5(g)(1).

29. As a result of TUSD's discriminatory termination of his employment, Mr. Rojo has suffered emotional distress and is entitled to compensatory damages for emotional distress under 42 U.S.C.A. § 1981a(a)(1).

30. Mr. Rojo is also entitled to his attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

## REQUEST FOR JURY

31. Plaintiff requests a trial by jury to the fullest extent permitted by law.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff Arquimides Rojo requests judgment against Defendant TUSD awarding him the following:

    (a)    Compensatory damages for backpay plus interest, harm to reputation and emotional distress;

    (b)    Attorneys' fees and costs incurred in this lawsuit; and

    (c)    Any other equitable relief this Court deems appropriate and just.

RESPECTFULLY SUBMITTED on October 30, 2020.

                                                                                                AWERKAMP, BONILLA & GILES, PLC

                                                                             By /s/   Shannon Giles
                                                                                 Ivelisse Bonilla
                                                                                  Shannon Giles
                                                                                 *Attorneys for Plaintiff*